ARBESFELD v. TANENBAUM et al.

(Supreme Court, Appellate Term.  December 21, 1905.)

PRINCIPAL AND AGENT—CONTRACT WITH AGENT—AUTHORITY—EVIDENCE.

Where, in an action to recover half of a commission received by defendant for procuring a loan, plaintiff claimed that defendant's alleged agent had promised him, for his services in bringing the application to defendant, one-half the commission received by the latter, it was incumbent on the plaintiff to prove, not only that the agent was such in fact, but also that his powers extended to the making of the agreement.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Agent, §§ 391, 396.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Harris Arbesfeld against Emanuel Tanenbaum and another.  Judgment for plaintiff, and defendants appeal.  Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

House, Grossman & Vorhaus (Frederick B. House and Charles Goldzier, of counsel), for appellants.

Schleimer & Schleimer (Abraham B. Schleimer, of counsel), for respondent.

SCOTT, P. J.  The plaintiff sues for half of a commission received by defendant for procuring a loan on bond and mortgage for one Altman.  It appears that Altman told plaintiff that he wished to procure a loan of $20,000; that plaintiff thereupon introduced him to one Hilborn, plaintiff's brother-in-law, who seems to have been in the habit of taking business to Tanenbaum, and receiving a portion of the latter's commission, if the business resulted in a commission.  Altman, at Hilborn's suggestion, signed an application upon one of Tanenbaum's blanks, produced by Hilborn, by which he authorized Tanenbaum to procure the loan for him, which Tanenbaum accordingly did, and received $400 as commission, of which he gave Hilborn one-half.

The plaintiff's contention is that Hilborn acted throughout as Tanenbaum's agent, and as such promised him, in Tanenbaum's behalf, that he should receive one-half the commission paid to Tanenbaum.  This contention is not only not sustained by the evidence, but is thoroughly disproved.  To hold Tanenbaum upon such an agreement it would be necessary to show, not only that Hilborn was his agent, but that his powers extended to making an agreement for a division of commissions.  It is conclusively shown that Hilborn was in no sense an agent of Tanenbaum, and had no power to bind him in any way.  All he did was to bring business to Tanenbaum, who then transacted it, and paid Hilborn a part of the commissions.  He had no power to bind Tanenbaum in any way, and, even if he had made this agreement plaintiff says he made, it would not be binding upon Tanenbaum.  The probable story is the one Hilborn tells, and which is corroborated even by parts of plaintiff's own testimony, that Hilborn promised to pay plaintiff a part of whatever he (Hilborn) should receive out of the transaction.

The judgment is not only unsupported by the evidence, but is against

it, and the judgment must consequently be reversed, and a new trial granted, with costs to appellant to abide the event.

BISCHOFF, J., concurs.

MacLEAN, J.   I concur, because of erroneous reception of evidence.